

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTATE OF SAUL CERROS; DINAH CERROS; SAUL CERROS, minor by and through his guardian ad litem, Dinah Cerros; ALICIA CERROS, minor by and through her guardian ad litem, Dinah Cerros; LUCILIA CERROS; BAUDELIO CERROS; VINCE CATANHO, | No. 09-55819<br><br>D.C. No. 2:06-cv-02496-CAS-JTL<br><br>MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted October 7, 2010
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and STROM, District Judge.[**]

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

Plaintiffs appeal from the district court's adverse judgment, following a bench trial, in their tort action arising from the fatal shooting of Saul Cerros and wounding of Vincent Catanho by a federal law enforcement officer. The district court rejected plaintiffs' claims after finding that the officer did not use excessive force. We affirm.

Plaintiffs' contention that the district court erred by applying California's general self-defense standard, rather than the special law enforcement standard, is without merit because the general standard was more favorable to the plaintiffs. *See Munoz v. City of Union City*, 16 Cal. Rptr. 3d 521, 539-40 (Ct. App. 2004). They thus have no basis to complain.

There was no error in the district court's finding that the defendant used reasonable force. To satisfy the clear error standard, "a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks omitted). Plaintiffs contend that the only account of events consistent with the physical evidence was their own account, presented by Catanho in his deposition. Plaintiffs overstate the strength of the factual record. Although some facts could be established with certainty, much of the expert forensic testimony for both parties was just hypothesis. The case turned

substantially on witness credibility, and there is no evidence that shows the district court's finding in defendant's favor was unjustified.

**AFFIRMED.**